UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Raymond M. Vorce

   v.                                         Civil No. 09-cv-306-JD
                                           Opinion No. 2010 DNH 182

Michael J. Astrue, Commissioner,
Social Security Administration


O R D E R

Raymond M. Vorce seeks judicial review, pursuant to 42 U.S.C. 405(g), of the decision of the Commissioner of the Social Security Administration that denied part of his application for benefits. Vorce challenges that part of the decision that denied disability benefits under Title II of the Social Security Act for the period between March 1, 1993, and March 18, 1999.[1] The Commissioner moves to affirm the decision.


Background

Vorce first applied for disability benefits on February 12, 1998, alleging disability since March 1, 1994, due to mental health issues. The administrative record does not appear to

---

[1] Although Vorce states the contested period as beginning on March 1, 1993, his application claims disability beginning on March 1, 1994.

include the disposition of that application.  Vorce filed a second application on March 10, 2000, seeking benefits beginning on March 1, 1994.  The Administrative Law Judge ("ALJ") concluded that Vorce's prior application was denied on May 4, 1998, and that good cause was lacking to reopen that application.  For that reason, the ALJ limited Vorce's second application to the period after May 5, 1998, and held that Vorce was disabled as of March 18, 1999.

## Discussion

In support of his motion to reverse the Commissioner's decision that good cause was lacking to reopen Vorce's first application, Vorce contends that the ALJ erred in not following the Social Security Regulations.  The Commissioner contends that Vorce can only challenge the ALJ's decision not to reopen his 1998 application by raising a colorable constitutional claim, which the Commissioner asserts is lacking.  The Commissioner also asserts that Vorce failed to ask the ALJ to reopen his prior application and contests Vorce's challenges to the ALJ's decision.

Whether or not Vorce specifically requested reopening of the 1998 application, the ALJ decided the issue.  Therefore, the

2

Commissioner's argument based on Vorce's failure to request reopening lacks merit.

With respect to reopening, Vorce states that no final determination was made on his 1998 application, which is a necessary prerequisite to the requirement of showing good cause for reopening under 20 C.F.R. § 404.988.  Vorce points out that the document the ALJ cites as the final decision on his 1998 application, document E-1 found at pages 267 to 270 of the Administrative Record, is not the final decision on his 1998 application.  Vorce asserts that good cause exists to reopen his application and recites the evidence in support of his claimed disability.  The Commissioner appears to rely on document E-1 to establish that a final decision on Vorce's 1998 application issued on May 4, 1998.

Document E-1 is a field office disability report, dated March 10, 2000, which merely reports that the date of the last social security decision was May 4, 1998.  The document dated May 4, 1998, which is included in the administrative record at page 651, is a letter to Vorce from the Social Security Administration that requests additional information needed to process his application and establishes a deadline of May 19, 1998, for providing the additional information.  Given the content of the

May 4 letter, May 4 is not the date of the decision denying Vorce's first application.

The Commissioner contends that Vorce cannot now raise the lack of a final decision and a lack of notice of a final decision because he failed to raise the issue to the ALJ. The Commissioner also argues that Vorce's position that he did not receive notice of the denial of his 1998 application is contrary to his subsequent application in 2000. The Commissioner further argues that Vorce cannot show good cause to reopen his 1998 application.

The Commissioner has not cited to the 1998 decision or the notice sent to Vorce in the administrative record. Arguably, the lack of a final decision and notice with the required disclosures raises a question of due process. See, e.g., Gonzalez v. Sullivan, 914 F.2d 1197, 1203 (9th cir. 1990). Although Vorce's subsequent application may bear on the due process analysis, that cannot be determined on appeal. Whether or not a final decision issued and whether a notice was sent to Vorce with the required information is a prerequisite to review of the ALJ's decision. Those issues raise factual matters that are better addressed at the administrative level.

Conclusion

For the foregoing reasons, the plaintiff's motion to reverse (document no. 30) is granted to the extent that the case is remanded for consideration of the issue of reopening the 1998 application. The Commissioner's motion to affirm (document no. 31) is denied.

As this is a sentence four remand, the clerk of court shall enter judgment and close the case.


SO ORDERED.

                                                            /s/ Joseph A. DiClerico, Jr.
                                                            Joseph A. DiClerico, Jr.
                                                            United States District Judge

October 19, 2010

cc:   James W. Craig, Esquire
      Paula E. James-Pakkala, Esquire
      Gretchen Leah Witt, Esquire